DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 1:12CR218 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER ON MOTION TO SUPPRESS |
| | ) | |
| | ) | |
| SHAWN L. JONES | ) | |
| Defendant. | ) | |
| | ) | |

## *I. Introduction*

The defendant, previously convicted of a felony, was indicted under 18 U.S.C. § 922(g)(1) for possession of a firearm and ammunition. Defendant brought a motion to suppress the evidence seized during a search conducted at the scene of a traffic stop and the statements made by defendant, after his arrest, while he was being transported to the police station. (Doc. 24 and Doc. 26). The Court held an evidentiary hearing on the motion on July 20, 2012.(Doc.31). At the conclusion of the hearing, the Court ruled from the bench that the vehicle search was a constitutionally valid inventory search and denied defendant's motion based upon the seizure of the weapon. (Doc. 31, PAGE ID 288). The Court set a second evidentiary hearing, and requested additional briefing, on the issue whether defendant waived his constitutional right to remain silent.(Doc.37, Doc. 40, Doc. 41). After consideration of the transcripts and briefing, the Court DENIES the motion to suppress defendant's statements to the police.

## *II. A Brief Review of the Factual Setting and Officer Testimony*

While stopped at a red light Joshua McCoy, a police officer with the city of Amherst, ran the plates of the Jeep Cherokee in front of him. Officer McCoy discovered that the registered owner vehicle had a suspended license. (Doc. 31, Page ID 206). Officer McCoy then saw the vehicle make an illegal turn.(Doc. 31, Page ID 217). Based on his information and observation, Officer McCoy conducted a traffic stop. The driver, defendant Shawn L. Jones, who was not the registered owner of the vehicle, told the officer that his license was suspended; Officer McCoy confirmed this information. Since there was no second party to drive the vehicle away, under the Amherst Police Department policy on towing vehicles, this meant the vehicle would have to be inventoried and towed.(Doc. 26-4).

Officer McCoy contacted his partner, Officer Alten, to assist him with the stop. Upon Officer Alten's arrival, the defendant was asked to exit the car and have a seat in the rear of Officer Alten's vehicle.(Doc. 31, Page ID 229). Officers McCoy and Alten then performed an inventory search of the Jeep. Observing that the central console was loose, Officer McCoy used a knife to pop it open and found a loaded pistol.( Doc. 31, Page ID 233).

The officers returned to Officer Alten's vehicle, placed the defendant in handcuffs, and returned the defendant to the backseat. Officer McCoy, using an application on his smartphone, read the defendant the Miranda warnings. (Doc 37, Page ID 318). The version on the application ended with two questions: "Do you understand each of these rights I have explained to you? Having these rights in mind, do you wish to talk to us now?" (Doc. 37, Page ID 318). The defendant stated that he would talk to the officers (Doc. 37 Page ID 318).  He told Officer McCoy that the gun was not his, that the vehicle was not his, and he was not responsible for the gun. (Doc #37, Page ID 319), Officer McCoy told the defendant that he was going to notify

ATF, bring in the federal government and he could face a long sentence.(Doc. #37, Page ID 326).

Officer Alten, who had been standing behind Officer McCoy while the Miranda rights were read, drove defendant to the station. During that ride, Officer Alten said to the defendant, "Cooperation is key." In response to this remark, defendant admitted, "The gun's mine." In response to further questioning he told Officer Alten that he bought the gun for $250 in Lorain. (Doc. #31, Page ID 268).

### III. *Defendant Knowingly and Voluntarily Waived His Right to Remain Silent*

In a motion to suppress statements defendant claims were obtained in violation of *Miranda*, the State bears the burden of proof to show waiver, but need do so only by preponderance of the evidence. *Colorado v. Connelly,* 107 S. Ct. 515,522 (1986), *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009). An express written or oral waiver is not required. *North Carolina v. Butler*, 441 U.S. 369, 373; *Treesh v. Bagley,* 612 F. 3d 424, 433 (6th Cir. 2010). Instead, the court is charged to look to the "totality of the circumstances" to determine if the defendant knowingly and voluntarily waived the right to remain silent. *Fare v. Michael C.,* 442 U.S. 707, 724-725 (1979), *United States v. Johnson*, 351 F. 3d  254, 260 (6th Cir.2003).

There is no basis in this case to conclude defendant did not understand his rights. Indeed, defendant, a felon, was familiar with *Miranda*. Prior to reading the warnings, Officer McCoy asked the defendant if he knew his *Miranda* rights. Defendant responded that he did, but he wanted them read to him. (Doc. 37, Page ID 319). At the conclusion of the recitation, defendant

3

"point blank" said he was willing to speak to the officers. (Doc. 37, Page ID 319). These facts demonstrate that defendant knew his rights, and deliberately decided to forego them.

At no time did the defendant assert his right to remain silent. (Doc 37, Page ID 319).This is key: In 2010 the Supreme Court established that an accused who wants to invoke the right to remain silent must do so unambiguously. *Berghuis v. Thompkins*,130 S. Ct. 2250, 2260 (2010).

Instead, what the defendant did here was engage in a course of conduct inconsistent with his right to remain silent; such a course of conduct creates an implicit waiver of the right. *Berghuis v. Thompkins*,130 S. Ct. 2250, 2262 (2010). As the Supreme Court explained, "[T]he law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford."*Id*. Defendant's conduct in agreeing to talk to the officers, and talking to the officers, implicitly–and necessarily–waived his right to remain silent.

Officer Alten's suggestion that cooperation might be a key consideration does not rise to the level of coercion sufficient to "overbore the will of the accused," and render the waiver involuntary. *Mincey v. Arizona*, 437 U.S. 385 (1978). The Sixth Circuit has specifically held that "a statement about possible leniency upon cooperation does not render a confession unconstitutional." *Bray v. Cason*, 375 F. App'x 366, 369 (6th Cir. 2010), citing *United States v. Craft*, 495 F.3d 259, 263-265 (6th Cir. 2007). Here, Officer Alten's remark did not even offer leniency. Under the totality of the circumstances, Officer Alten's remarks are insufficient to create the psychological coercion necessary to void defendant's waiver.

### *IV. Conclusion*

For the reasons contained herein, defendant's motion to suppress (Doc.24 and Doc.41) is denied in full.

IT IS SO ORDERED.

| | |
|---|---|
| September 6, 2012 | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |